UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

v.                                                                    Case No. 13-20637

                                                    HON. AVERN COHN

WILLIE T. WATKINS, III,

     Defendant.
_____/

## SENTENCING MEMORANDUM

### I.

This is a criminal case.  Defendant came before the Court on his plea of guilty to one count of a violation of 18 U.S.C. §1343, Wire Fraud - Aiding and Abetting, and one count of a violation of 18 U.S.C. §§1028(a)(7) and (b)(1), Use of False Identification - Aiding and Abetting.  On April 29, 2014, defendant was sentenced to a term of 30 months on each count, to run concurrent.  Prior to imposing sentence, the Court commented on this case and two other similar cases in this district.  What follows is a non-substantive revision of the Court's comments.

### II.

Defendant's sentencing was adjourned because of the Court's concern that there is no disparity in the treatment of defendant and defendants in similar cases recently before judges of this district, and to assure that there is no prejudice in the disparity of

the sentence being imposed.  The Court was prompted to make this inquiry in light of a recent study by the National Institute of Justice, "The Missing Link: Examining Prosecutorial Decision-Making Across Federal District Courts."  Although the Court is satisfied that there is no disparity in treatment, there are factors in play, as will be described, that suggest that there is a potential for prejudice.

III.

Defendant participated in a scheme to use the names and Social Security numbers of deceased persons in filing fraudulent income tax returns, and obtaining tax refunds.  Defendant's crime is labeled Stolen Identity Refund Fraud by the Tax Division of the Department of Justice, as well as the Internal Revenue Service.  The Service has recently published a paper, "Examples of Abusive Return Preparers Investigations - Fiscal Year 2014," which describes numerous examples of like criminal cases in federal courts across the country during the fiscal year 2014.  After examining this case and two other cases in this district, the Court finds no disparity in the manner in which this and two other cases have been handled by the government.  However, the Court wants to bring to light some differences in the three cases.

A.

Let me explain.  To start with, all three cases are known by the Justice Department as Stolen Identity Refund Fraud cases.

In the first case, *Butler*, 13-cr-20057, defendant was charged with three crimes: 18 U.S.C. §286, Conspiracy to Defraud the United States; 18 U.S.C. §641, Theft of Public Money; and 18 U.S.C. § 1028A, Aggravated Identity Theft.

In this case, as noted above, defendant was charged with two crimes:  18 U.S.C.

2

§1343, Wire Fraud, and 18 U.S.C. §1028(a)(7), Use of False Identification.

In the third case, *Pharr*, 14-cr-20144, one crime was charged, 18 U.S.C. §287, False Claims Against the United States.

In this case, the government's initial Sentencing Memorandum (Doc. 33), no mention is made of which offense guideline – U.S.S.G. §2B1.1, Basic Economic Offense, or U.S.S.G. §2T1.1, Tax Fraud – is used to compute the base offense level.  In the Supplemental Sentencing Memorandum (Doc. 34), the government noted that it began the computation of the base offense level under U.S.S.G. §2T4.1(a)(1), Tax Fraud.  This use of the base offense level Tax Fraud is to be contrasted with the use of the Basic Economic Offense level guideline, U.S.S.G. §2B1.1, in the other cases.

B.

If the Court's analysis is correct, for three like criminal cases, different violations of different criminal statutes are charged, and different guidelines are used to compute the base offense level.  This variation in charging and use of offense levels has the potential for prejudicial disparity.  This variation also reflects a lack of communication in the United States Attorney's Office between Assistant United States Attorneys in the manner of charges and penalties.

 S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:  May 20, 2014

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, May 20, 2014, by electronic and/or ordinary mail.

S/Sakne Chami
Case Manager, (313) 234-5160

3